IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID SEAN GILROY**<br>210 Davis Avenue<br>Clifton Heights, PA 19018<br><br>*Plaintiff,*<br><br>vs.<br><br>**AUTOCAR, LLC d/b/a AUTOCAR**<br>4680 Pinson Valley Parkway<br>Birmingham, AL 35215<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, David Sean Gilroy, by and through undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Autocar, LLC d/b/a Autocar ("Defendant") of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. § 621 *et seq.*) and the Pennsylvania Human Relations Act ("PHRA" – 43 P.S. § 951 *et seq.*).[1] Plaintiff was unlawfully terminated by Defendant and has suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

---

[1] Plaintiff's claim arising under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff's PHRA claim will identically mirror his federal ADEA claim.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted federal administrative remedies for claims under the ADEA by first filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## **PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Autocar, LLC d/b/a Autocar is believed and therefore averred to be an Alabama corporation with a principal place of business at the above-captioned address that regularly conducts business in Pennsylvania.

9. Defendant is a manufacturer of customer-engineered, severe-duty vocational trucks.

10. Defendant employed at least twenty (20) employees during Plaintiff's employment with Defendant.

11. At all times relevant herein, each Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 59-year-old man.

14. In the interest of clarity, Plaintiff was known by "Sean Gilroy" while employed, as he is commonly referred.

15. Defendant operates through its headquarters at 4680 Pinson Valley Parkway, Birmingham, AL 35215 and also through its manufacturing plant at 551 S. Washington Street, Hagerstown, IN 47346.

16. Defendant places Regional Business Managers (such as Plaintiff) to function as salespeople in specific territories around the United States focusing in that specific region.

17. Plaintiff was hired by Defendant on or about April 15, 2024; and in total, Plaintiff was employed by Defendant for almost 1.5 years.

18. Plaintiff was employed by Defendant as a Regional Business Manager (Refuse) of the Northeast.

19. Plaintiff worked from his residence in Delaware County, Pennsylvania.

20. Plaintiff handled accounts, contracts, and sales in Plaintiff's assigned territory (the "Northeast"), which included Pennsylvania, New Jersey, New York, Maryland, Delaware, Washington, D.C., Massachusetts, Maine, Rhode Island, Connecticut, New Hampshire, and Vermont.

21. Defendant engages in substantial business solicitation(s) from the Northeast (including within Pennsylvania).

22. In or around early 2025, some of Plaintiff's prior management ceased working for Defendant, and Plaintiff became managed by Simon Vogel (hereinafter, "Vogel") towards the end of Plaintiff's employment.

23. Vogel reported to Defendant's President James ("Jimmy") Johnston (hereinafter, "Johnston").

24. Johnston reported to Defendant's Owner Andrew Taitz ("Taitz").

25. Vogel managed approximately ten (10) Regional Business Managers (including Plaintiff).

26. The other Regional Business Managers were assigned different geographic territories around the United States.

27. Vogel is approximately thirty (30) years younger than Plaintiff, and Plaintiff was the oldest Regional Business Manager under Vogel's supervision.

28. Plaintiff was terminated by Defendant effectively on or about September 26, 2025.

29. At the time of his termination, Plaintiff had approximately fifty-six (56) deals in the pipeline in Defendant's Customer Relationship Management ("CRM") system and was on the cusp of selling many trucks in Western Pennsylvania.

30. On or about September 26, 2025, Johnston and a woman named Heather Stapleton ("Stapleton") met with Plaintiff in a virtual meeting and notified Plaintiff of his termination.

31. Stapleton's job title was Benefits and Compensation Specialist, but she presumably served overall in a human resources capacity.

32. During this meeting, Johnston told Plaintiff that he was being terminated due to budget issues and a need to do a layoff, nothing else.

33. Plaintiff asked for more information, but he was provided with none.

34. Instead, Plaintiff was provided with a termination letter on the date of his termination, but it offered no details or explanation for Plaintiff's termination.

35. Plaintiff was presented with an unsolicited "Understanding of Separation Benefits & General Release Agreement" offering Plaintiff compensation upon termination provided that Plaintiff legally waive "retaliation" and "discrimination" claims against Defendant.

36. No specific policy of Defendant required Plaintiff to be offered severance compensation in the sum offered. This type of offer is thus well-established evidence of discrimination or pretext. *See e.g.*, *Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115, at *14-15 (E.D. Pa. 2013)(an employer who offered a severance sum at the time of termination when policies did not require upon condition of waiving claim supported finding of pretext among other facts); *Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)(finding that a severance agreement offered contemporaneously to when the employee was terminated was "probative on the issue of whether NIBCO's motive for terminating Bartlett was [false]."); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by Fed. R. Evid. 408); *Brandy v. Maxim Healthcare Servs., Inc.*, 2012 WL 5268365, at *2 (N.D. Ind. 2012)(holding that severance

agreements offered at the time of termination do not fall under Rule 408 because they are offered before a dispute arises, regardless if the employer "anticipated the severance agreement curtailing any potential future litigation.").

37. In addition to the severance agreement proposed being indicative of discrimination and/or pretext (as not required per policy), it also presented two (2) other glaring problems.

38. First, it also – like Plaintiff's termination letter – was silent on any rationale for Plaintiff's termination.

39. Second, the severance agreement was not the type of agreement legally required to be disseminated by federal law for a "layoff" (even if severance were offered).

40. If more than one (1) person is affected by a layoff, under federal regulations, the employer is required to provide "45 days" to consider the severance agreement **and** to provide a list of all employees retained or not retained in similar roles *with their respective ages identified*. *See* 29 § C.F.R. § 1625.22.

41. Defendant thus did not comply with federal law in identifying ages or jobs of those retained, further indicating an attempt to conceal age discrimination. *See e.g.*, *Fife v. MetLife Grp., Inc.*, 411 F. Supp. 3d 149, 160-61 (D. Mass. 2019) (finding that failure to include younger workers on the OWBPA disclosure list may be considered alongside other evidence of age discrimination to establish pretext).

42. Instead, Defendant afforded 21-day consideration and attached no list of employees impacted (nor required information about such employees' ages).

43. When terminating Plaintiff as a purported layoff, he came to learn the following:

    a. Approximately seven (7) of the Regional Business Managers retained were roughly twenty (20) to thirty (30) years younger than Plaintiff.

b. The only other Regional Business Manager that was terminated at the same time as Plaintiff was approximately forty-nine (49) years old.

c. Defendant retained Regional Business Managers who were substantially younger than Plaintiff, including those who had less seniority or had even been hired after Plaintiff.

d. Defendant retained Regional Business Managers who were much younger and less qualified, less experienced, and lesser performers than Plaintiff while supposedly laying Plaintiff off from his job.

e. Defendant retained (younger) Regional Business Managers who either had less sales or less in their pipeline than Plaintiff did by way of direct comparisons.

f. Defendant functionally replaced Plaintiff with Ian McLelland ("McLelland") who is approximately 30 years younger than Plaintiff and who – as of Plaintiff's termination – had only been employed by Defendant for five (5) to six (6) months.

g. Defendant was additionally advertising online to hire other Regional Business Managers after Plaintiff's termination for a supposed need to engage in a layoff.

44. Prior to Plaintiff's abrupt and unexpected termination, Plaintiff had never been disciplined.

45. As further evidence of pretext for Plaintiff's termination, Vogel reassigned multiple states and territories away from Plaintiff within the last few months of his employment and gave them to newer Regional Sales Managers in their 30s who had far less sales experience.

46.     In or around April/May 2025, Vogel removed Virginia from Plaintiff's territories and gave it to Andrew Marsh ("Marsh"), who is in his 30s and had only been working in sales for about four (4) years.

47.     Marsh was hired **only a few days** before Vogel took Virginia away from Plaintiff's territories.

48.     In fact, Plaintiff had mentored Marsh and introduced him to Plaintiff's customers.

49.     Approximately one (1) month before Plaintiff's termination, Vogel removed Pennsylvania, Maryland, and Washington, D.C. from Plaintiff's territories, stating only that Defendant was realigning territories, and gave these geographic areas to McLelland.  Vogel did not say anything to Plaintiff about his job performance when moving these locations to a much younger employee.

50.     Defendant simply had a preference to have an extremely young workforce, and Plaintiff was lied to about the circumstances of his termination from employment (and given documents that didn't comply with federal law to conceal discrimination).

51.     Plaintiff also experienced a coldness from Vogel, who seemed to be making efforts to surreptitiously replace Plaintiff prior to his termination from employment.

52.     Plaintiff was pretextually terminated because of his age.

## COUNT I
## Violations of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination)

53.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.     Defendant terminated Plaintiff because of his age, and upon information and belief replaced him with an objectively unqualified and substantially younger employee(s).

55. Plaintiff believes and avers herein that his age was a determinative factor in Defendant's decision to terminate him.

56. These actions as aforesaid constitute unlawful discrimination under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages as appropriate, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38.

                                                Respectfully submitted,

                                                **KARPF, KARPF & CERUTTI, P.C.**

                    By:      _____
                                   Ari R. Karpf, Esq. (91538)
                                   8 Interplex Drive, Suite 210
                                   Feasterville-Trevose, PA 19053
                                   akarpf@karpf-law.com
                                   (215) 639-0801

Dated:  February 5, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| David Sean Gilroy | : | CIVIL ACTION |
| v. | : | |
| Autocar, LLC d/b/a Autocar | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| | | |
|---|---|---|
| 2/5/2026 | *[signature]* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: **Defendants place of business**

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **see certification below**
☐ 16. All Other Federal Question Cases. *(Please specify):* _____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GILROY, DAVID SEAN

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
AUTOCAR, LLC D/B/A AUTOCAR

County of Residence of First Listed Defendant: Jefferson
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
[ ] 1 U.S. Government Plaintiff
[X] 3 Federal Question (U.S. Government Not a Party)
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)
Brief description of cause:
Violations of the ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/5/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE